## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| **TYLER SCOTT KUYKENDALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:25-cv-1055-STA-jay** |
| | ) | |
| **BILL LEE, Governor, State of Tennessee;** | ) | |
| **NEIL THOMPSON, District Attorney; and** | ) | |
| **CHAD EDWARDS, Mayor, Huntingdon,** | ) | |
| **Tennessee,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ORDER OF DISMISSAL
## ORDER GRANTING PLAINTIFF LEAVE TO AMEND

On December 16, 2025, the United States Magistrate Judge issued a report and recommendation (ECF No. 7) that the Court dismiss the initial Pro Se Complaint for the failure to state a claim for relief. Plaintiff Tyler Scott Kuykendall filed a Pro Se Complaint on February 24, 2025. Kuykendall used the official form for a Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. The gravamen of the pleading is that Kuykendall who utilizes a wheelchair was denied access to District Attorney's Office in Huntingdon, Tennessee. Kuykendall also claims the District Attorney's Office denied his request for information about a pending case under the federal Freedom of Information Act. The Pro Se Complaint names Governor Bill Lee, District Attorney Neil Thompson, and Mayor Chad Edwards as Defendants.

The Magistrate Judge has recommended that the Court dismiss the Pro Se Complaint. Kuykendall has failed to state a claim under the Americans with Disabilities Act because the ADA does not allow suits against public officials in their official capacity. Kuykendall failed to state a

FOIA claim because the federal law does not permit such a claim against state or local governments. And Kuykendall's demand for an apology from Judge Vicki Snyder is also subject to dismissal. Kuykendall's Pro Se Complaint does not name Judge Snyder as a party to the action. For each of these reasons, the Magistrate Judge has recommended dismissal but with leave for Kuykendall to amend his pleadings to allege his ADA claim against the proper public entity.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended the dismissal of Plaintiff's case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 636(b)(1)(B).

While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151. Kuykendall had 14 days from the service of the Magistrate Judge's report in which to file objections. To date, Kuykendall has not objected, and the time to do so has expired.

Kuykendall having raised no objection to the report and recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Court **DISMISSES** the Pro Se

Complaint for failure to state a claim. The Court will grant Kuykendall leave to amend his pleadings to assert an ADA claim against the proper public entity, not an individual public official. Kuykendall's amended pleading is due within 28 days of the entry of this order.  Failure to file the amended pleading (or a motion showing good cause for an extension of the filing deadline) will result in the dismissal of the case without further notice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 6, 2026